IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

DANE TERENCE AMBLER,

                Plaintiff,

Vs.                                                      No.  12-2637-SAC

PATRICK R. DONAHOE,
Post Master General,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on its review of the Magistrate Judge's report and recommendation (Dk. 5) to deny the plaintiff's motion to proceed with this action without prepayment of fees or security and the plaintiff's single-sentence objection (Dk. 7) asking the district court to review the report and recommendation.  The Magistrate Judge concluded that the plaintiff had sufficient financial resources to pay the filing fee and recommended that the plaintiff's motion be denied, that the plaintiff should be given 14 days to pay the filing fee, and that the case should be dismissed without prejudice if the plaintiff fails to pay the filing fee within those 14 days.  (Dk. 5, p. 2).

The plaintiff asks the court to review the Magistrate Judge's order.  A magistrate judge's report and recommendation denying a plaintiff's motion to proceed without prepayment of fees is reviewed pursuant to 28

U.S.C. § 636(b)(1)(A) under a "clearly erroneous or contrary to law" standard. *See Azzun v. Kansas Dept. of Health and Environment*, 2009 WL 5171778 at *1 (D. Kan. 2009); *Scherer v. State of Kansas*, 2006 WL 3147731 at *1 (D. Kan. 2006), *aff'd*, 263 Fed. Appx. 667 (10th Cir. 2008). Applying the clearly erroneous standard, the district court should affirm the magistrate judge's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). "The contrary to law standard permits plenary review as to matters of law." *Sprint Communications Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (internal quotations and citations omitted).

For a movant to commence an action without prepayment of filing fees pursuant to 28 U.S.C. § 1915(a), the movant "must show a financial inability to pay the required filing fees." *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). To commence a civil proceeding without prepayment of fees "is a privilege, not a right- fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998) (internal quotation and citation omitted), *cert. denied*, 526 U.S. 1008 (1999). A court's decision on permitting an action to commence without prepayment is reviewed for abuse of discretion. *Lister*, 408 F.3d at 1312-13.

The Magistrate Judge relied on the correct standard of the law in evaluating Mr. Ambler's motion. None of the Magistrate Judge's findings are in error and are fully sustained by the details found in the movant's financial affidavit. Mr. Ambler's monthly net income is sizable, and he owns six vehicles, two of which are older model luxury vehicles, but he represents that the total present value of all six vehicles is only $14,000 while he curiously owes $21,000 on them. The court agrees with Magistrate Judge's impression that Mr. Ambler discloses a substantial amount of monthly expenses. While the total amount of these stated expenses exceeds his net monthly income, a number of those expenses fall into the category of discretionary expenses. Based on Mr. Ambler's monthly income, his ownership of six vehicles, and his number of discretionary expenses, the court adopts the magistrate judge's conclusion that Mr. Ambler is financially able to pay the filing fee. Accordingly, the court adopts in whole the findings and recommendations of the Magistrate Judge.

IT IS THEREFORE ORDERED that the Magistrate Judge's report and recommendation (Dk. 5) to deny the plaintiff's motion to proceed with this action without prepayment of fees is accepted and adopted as the ruling of this court,

IT IS FURTHER ORDERED that the plaintiff shall have 14 days from the filing date of this order to pay the required filing fee, and if the

filing fee is not timely paid, then the court will dismiss this action without prejudice.

Dated this 16th day of October, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge